IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY ALBRIGHT, #132655, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-503-ID |
| | ) | [WO] |
| | ) | |
| TOM REID, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Anthony Albright ["Albright"], a state inmate, on May 23, 2009 against Tom Reid, an

officer with the Prattville Police Department, Sibley Reynolds, a judge for the Circuit

Court of Autauga County, Alabama, Whit Moncrief, the clerk for such court, the Central

Alabama Drug Task Force Enforcement Agency and Randall Houston, the district attorney

for Autauga County, Alabama, as defendants.[1]  In this complaint, Albright asserts that

Reid and an unknown officer with the drug task force agency violated his constitutional

---

Although the Clerk of this court stamped the complaint "received" on May 28, 2009, it is clear that Albright presented the complaint to prison officials for mailing prior to this date.  A review of the pleadings indicates that Albright executed the complaint on May 23, 2000.  *Plaintiff's Complaint - Court Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Albright] signed it ...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 23, 2009 as the date of filing.

rights in September of 2003 when they effectuated his arrest for a controlled substance offense arising from alleged drug deals which occurred between Albright, Reid and the task force officer. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Specifically, Albright contends "that the video showing [the controlled drug transaction] does not indicate that [he] was and is the actual suspect...." *Id*. Albright further complains that despite the alleged lack of video evidence "a conviction was obtained" against him. *Id*. Albright requests issuance of an "order directing the [Autauga County] Circuit Court [to] reverse" his conviction and seeks an award of monetary damages for the alleged violations of his constitutional rights. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II. DISCUSSION

### A. Claims Barred by the Statute of Limitations

Albright challenges the constitutionality of his arrest in 2003. It is clear from the face of the complaint that any claim relative to such arrest is barred by the statute of limitations applicable to actions filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the

_____

The court granted Albright leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

§ 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional arrest about which Albright complains occurred in September of 2003. The tolling provision of *Ala. Code* § 6-2-8(a) is unavailing. Thus, the statute of limitations began to run in September of 2003 and ran uninterrupted until it expired in September of 2005. As previously noted, Albright filed the instant complaint on May 23, 2009. This filing occurred over 3½ years ***after*** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id.* at n.2.

3

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Albright has no legal basis on which to proceed as he filed this cause of action more than three years after the arrest which forms the basis of the complaint occurred.  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Albright's challenges to his arrest for a controlled substance offense are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

---

Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

**B.  Judge Sibley Reynolds and Circuit Clerk Whit Moncrief**

1.  <u>The Request for Monetary Damages Against Judge Reynolds</u>.  Albright presents no specific claims for relief against Judge Reynolds.  However, it appears from a review of the complaint that Judge Reynolds presided over Albright's state criminal case.  Any allegations Albright might seek to present against Judge Reynolds would relate to actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11ᵗʰ Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, the plaintiff's claims for monetary damages against Judge Reynolds are "based on an indisputably meritless legal theory" and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke*, 490 U.S. at 327.

2.  <u>Circuit Clerk Whit Moncrief</u>.  In the complaint, Albright lists Whit Moncrief as a defendant but makes no allegations regarding how this defendant acted in violation of his constitutional rights. A thorough review of the complaint establishes that any potential claims Albright could assert against Whit Moncrief would relate to actions this defendant undertook pursuant to authority granted to him by state law and/or orders issued by the state court in Albright's 2003 criminal case.  When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge

5

extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and thereby acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because he is performing a judicial function. *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). In light of the foregoing, the court concludes that Albright's claims for damages against Whit Moncrief are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. These claims are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

3. <u>The Request for Declaratory Relief</u>. To the extent Albright seeks declaratory relief from adverse decisions issued by Judge Reynolds in the previously completed state criminal proceeding, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Albright from proceeding before this court as this case, with respect to Albright's claims challenging orders issued by a state court in his criminal case, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the plaintiff's  request for declaratory relief with respect to actions undertaken by the state court during proceedings related to a state criminal conviction imposed upon Albright several years ago is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 327.

### C.  District Attorney Randall Houston

It is clear from the complaint that the claims made against defendant Houston emanate from this defendant's representation of the State during criminal proceedings resulting in Albright's conviction before the Circuit Court of Autauga County, Alabama. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his

function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273,

113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the

initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96

S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including

examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111

S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002);

*see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for
> money damages.... [T]he purpose of the immunity is to shield
> officials from the distractions of litigation arising from the
> performance of their official functions. To fulfill its purpose,
> official immunity protects government officials not only from
> having to stand trial, but also from having to bear the other
> burdens attendant to litigation, including pretrial discovery....
> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d
> 128 (1976), the Supreme Court held that a prosecutor is
> absolutely immune from civil suit for damages under section
> 1983 for actions taken "in initiating a prosecution and in
> presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

Actions undertaken by defendant Houston during Albright's controlled substance

case occurred while this defendant performed his role "as an 'advocate' for the state" and

such actions "are intimately associated with the judicial phase of the criminal process."

*Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant

Houston is therefore "entitled to absolute immunity [from damages] for that conduct." *Id.*

Thus, Albright's request for monetary damages against Randall Houston lacks an arguable

basis in law and, as such, is subject to dismissal in accordance with the directives of 28

U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.  As previously determined,

Albright is not entitled to declaratory relief for any adverse action taken during the state

court proceedings related to the criminal conviction imposed upon him by the Circuit Court

of Autauga County, Alabama.

### D.  The Challenge to Plaintiff's Conviction

To the extent Albright challenges the constitutionality of his conviction for a

controlled substance offense, these claims provide no basis for relief at this time. *Edwards*

*v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality

of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action

"unless and until the conviction or sentence is reversed, expunged, invalidated, or

impugned by the grant of a writ of habeas corpus" and complaints containing such claims

must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is

"whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is

the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even

though such a claim may come within the literal terms of § 1983" and, based on the

foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action

existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

A judgment in favor of Albright on the claims presented in the instant complaint which challenge the constitutionality of the controlled substance conviction imposed upon him by the Circuit Court of Autauga County, Alabama would necessarily imply the invalidity of this conviction.  It is clear from the complaint that the conviction about which Albright complains has not been invalidated in an appropriate post-conviction proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal

by this court in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok*,

520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490

(1973).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Tom Reid and the Central Alabama Drug Task

Enforcement Agency arising from plaintiff's 2003 arrest be DISMISSED with prejudice

pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the

complaint within the time prescribed by the applicable period of limitations.

2.  The plaintiff's claims against Sibley Reynolds and Whit Moncrief be DISMISSED

with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and

(iii).

3.  To the extent the plaintiff presents claims challenging the constitutionality of the

controlled substance conviction imposed upon him by the Circuit Court of Autauga County,

Alabama, these claims be DISMISSED without prejudice pursuant to the directives of 28

U.S.C. § 1915(e)(2)(B)(ii).

4.  This case be dismissed prior to service of process pursuant to the provisions of

28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before June 15, 2009 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of June, 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE